UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**JERMAINE GRANT and LINCOLN WARRINGTON,**<br><br>**DEFENDANTS.** | Crim. No. 2:18-cr-00179 (WJM)<br><br>**ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** comes before the Court upon Defendants Jermaine Grant and Lincoln Warrington's ("Defendants") request for certain letters the Court received directly from members of the public. ECF No. 113. Defendants also request that the Court order the Government to disclose whether it was aware of the letters prior to sentencing. *Id.* The Government filed a response on February 5, 2020, denying prior knowledge of the letters and opposing Defendants' request for copies. ECF No. 116.

In reaching the sentences imposed on January 28, 2020, the Court did not rely on the letters at issue. They did not affect the Court's judgment of an appropriate sentence in any manner. Therefore, Defendants are not entitled to the letters. *See United States v. Nappi*, 243 F.3d 758, 772 (3d Cir. 2001) ("[W]hen the District Court *relies on* documents other than the federal PSI at sentencing, we hold that Rule 32(c)(1) requires the District Court to share any such documents with counsel for the defendant . . . (emphasis added)). Again, the Court did not rely on the letters at issue.

Accordingly, **IT IS** on this 6th day of February 2020, **ORDERED** that Defendants' request for copies of the letters is **DENIED**.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**