# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**LINCOLN WARRINGTON,**<br>                    Defendant. | Crim. No. 18-179 (WJM)<br><br><br>**ORDER** |

## WILLIAM J. MARTINI, U.S.D.J.:

    **THIS MATTER** comes before the Court on the third motion (the "Third Motion") by Defendant Lincoln Warrington ("Defendant") for compassionate release and reduction of sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i) in light of the COVID-19 pandemic. ECF No. 152. The Court, having considered Defendant's motion, the materials provided in support thereof, and the Government's objection thereto, finds and concludes as follows:

A. The findings and conclusions of the Court's March 4, 2021 Order and accompanying Opinion, ECF Nos. 150-51, denying Defendant's second motion for compassionate release, except as expressly updated or modified below, are incorporated in this Order as if fully set forth herein.

B. On March 11, 2021, only one week after the Court denied his second motion for compassionate release, Defendant filed the Third Motion. Defendant states that the Third Motion aims to cure any jurisdictional defect for purposes of appeal due to Defendant's prior failure to exhaust administrative remedies with respect to his second motion. Third Mot. at 1. Defendant further asks the Court to reduce his sentence, without ordering his immediate release, "in recognition that he . . . has endured far greater punishment than the Court could have anticipated when it sentenced [him]." *Id.*

C. Under the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. *United States v. Sellers*, Crim. No. 10-434 (RMB), 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). Here, Defendant has exhausted his administrative remedies. He submitted a request to warden of FCI Fort Dix on January 29, 2021, and more than thirty (30) days have passed since that request was made.

D. In considering the merits of Defendant's motion, the Court considers whether "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing

Commission, and (3) the applicable sentencing factors under [18 U.S.C.] § 3553(a) warrant a reduction." *United States v. Berry*, Crim. No. 10-051-1 (NLH), 2020 WL 4035457, at *2 (D.N.J. July 17, 2020). As the Court noted in its March 4, 2021 Opinion, Defendant has not presented any extraordinary and compelling reasons justifying compassionate release or a reduction in his sentence. *See* Mar. 4, 2021 Op. at 5-6. Defendant has not submitted any recent evidence of changes to his health or medical conditions that warrant reconsideration of the Court's previous determination. In addition, though the Court remains concerned about the precautions taken at FCI Fort Dix, the total number of active infections at the facility has decreased over the last several weeks, with three active infections among inmates and forty-two active infections among staff reported. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus - COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited March 25, 2021).

E. Moreover, contrary to Defendant's assertions in his second motion, and repeated in his Third Motion, that the BOP could have, among other things, vaccinated Defendant to protect him from severe illness due to COVID-19 but unreasonably chose to do nothing, it appears that BOP did in fact offer an opportunity for Defendant to receive a COVID-19 vaccine. Gov't Opp'n at 1 & Ex. A, ECF No. 155. According to the COVID-19 Vaccine Consent form submitted by the Government, Defendant was provided a copy of a "COVID-19 Vaccine Emergency Use Authorization (EUA) fact sheet" on December 23, 2020 and had the opportunity to ask questions about the efficacy of the vaccines. *Id.* On January 21, 2021, Defendant completed and signed the Vaccine Consent form, checking the box that reads "I decline to receive the COVID-19 vaccination." *Id.* It light of this information, it is unclear why the Defendant argued, in two separate motions, that the BOP "has done nothing." Third Mot. at 5; Second Motion for Compassionate Release at 3, ECF No. 143.

Accordingly, based on these findings and conclusions, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Third Motion, ECF No. 152, is **DENIED.**

/s/ *William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

Date: **March 25, 2021**